IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

KAREN BAPTISTE                          *
                                        *
    Plaintiff,                      *
                                        *
v.                                      *          Civil Action No.: CBD-14-3279
                                        *
NATIONAL RAILROAD                       *
PASSENGER CORPORATION D/B/A             *
AMTRAK, et al.,                         *
                                        *
    Defendants.                     *
                                        *
                                     *****

## MEMORANDUM OPINION

Before this Court is Defendant National Railroad Passenger Corporation's Motion for

Involuntary Dismissal and Sanctions for Plaintiff Karen M. Baptiste's Failure to Respond to

Discovery Requests and Comply with the Court's Order (ECF No. 25) ("Defendant's Motion")

and the opposition thereto.  The Court has reviewed Defendant's Motion, related memoranda,

and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the

reasons presented below, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

## I.      Factual Background

Karen Baptiste ("Plaintiff") filed her single count First Amended Complaint ("Amended

Complaint") on October 20, 2014 against the National Railroad Passenger Coporation

("Defendant").  Pl.'s Am. Compl., ECF No. 4.  Plaintiff alleges that Defendant's negligence

caused her to slip and fall on February 22, 2011 at Union Station in the District of Columbia.

Pl.'s Am. Compl. 2-3.  Plaintiff alleges that the train steps and platform were slippery, and that

there were no signs or train personnel warning the passengers about the slippery conditions. Pl.'s Am. Compl. 2.  Plaintiff further alleges that there were no handrails.  *Id*.

On December 18, 2014, pursuant to Local Rule 103.9, this Court entered the Scheduling Order establishing, *inter alia*, the deadlines and requirements for pretrial proceedings including discovery.  Scheduling Order, ECF No. 14.[1]

On December 22, 2014, Defendant National Railroad Passenger Corporation's First Interrogatories and Requests for Production of Documents ("discovery requests") were propounded to Plaintiff.  *See* Def.'s Mot., ECF No. 25-1.  Plaintiff did not respond to Defendant's discovery requests within 30 days as required under the Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A).  On January 27, 2015, Defendant's counsel sent an email to Plaintiff's counsel requesting that Plaintiff respond to the discovery requests by January 30, 2015.  *See* Def.'s Mot., ECF No. 25-2.  On January 29, 2015, having not received a response from Plaintiff, Defendant left two voice messages for Plaintiff's counsel, and sent a follow-up email.  *See* Def.'s Mot., ECF No. 25-3.  Plaintiff did not respond to the voice messages or follow-up email.

On February 18, 2015, Defendant's counsel spoke with Plaintiff's counsel over the phone, and they agreed that Plaintiff would have until February 23, 2015 to respond to the discovery requests before Defendant would file a motion to compel.  Def.'s Mot., ECF No. 25-4. On February 23, 2015, Defendant's counsel spoke with Plaintiff's counsel who was still working on Plaintiff's responses.  Def.'s Mot. 3.  Defendant's counsel then agreed to allow Plaintiff's

---

[1] Relevant here are the following deadlines set forth in the Scheduling Order: 1) March 2, 2015: Plaintiff's Fed. R. Civ. P. 26(a)(2) expert disclosures; 2) March 30, 2015: Defendant's Fed. R. Civ. P. 26(a)(2) expert disclosures; 3) April 20, 2015: Fed. R. Civ. P. 26(e)(2) supplementation of disclosures and responses; 4) May 14, 2015: Completion of discovery and submission of joint status report; 5) June 15, 2015: Dispositive pretrial motions.

counsel until the morning of February 24, 2015 to respond to the discovery requests, before

Defendant would file a motion to compel.  Plaintiff did not meet the February 24th deadline.

On February, 25, 2015, Defendant filed Local Rule 104.7 Certificate of Efforts to

Resolve Discovery Dispute.  *See* ECF No. 18.  Also on this date, Defendant filed Defendant's

Motion to Compel Plaintiff to Respond to Defendant's First Interrogatories and Requests for

Production of Documents ("Motion to Compel").  *See* ECF No. 19.  Plaintiff did not file an

opposition to Defendant's Motion to Compel.

On April 30, 2015, this Court granted Defendant's Motion to Compel, and ordered that

Plaintiff had waived all objections to Defendant's discovery requests.  *See* Paperless Order, ECF

No. 24.  The Court further ordered Plaintiff to produce all responsive discovery within five (5)

business days from the entry of the order[2] ("April Order").  *Id*.  Plaintiff failed to comply with

the April Order.  On May 8, 2015, two days after the deadline set by the Court, Defendant filed

Defendant's Motion seeking to dismiss Plaintiff's Amended Complaint with prejudice.  *See* ECF

No. 25.  On May 19, 2015, Plaintiff belatedly provided answers to Defendant's discovery

requests.  Def.'s Reply 1.  Also belatedly, Plaintiff filed an opposition to Defendant's Motion on

May 27, 2015.  *See* ECF No. 28.  Defendant filed a reply on June 15, 2015.  *See* ECF No. 29.

In its motion, Defendant argues that pursuant to Rule 37(b)(2)(A) and/or Rule 41(b) of

the Federal Rules of Civil Procedure, the Court should dismiss Plaintiff's Amended Complaint

with prejudice.  Def.'s Mot. 4.  Defendant argues that Plaintiff's failure to respond to

Defendant's discovery requests, her failure to respond to Defendant's Motion to Compel, and her

failure to comply with the April Order, demonstrate bad faith and prejudice to Defendant.  Def.'s

Mot. 3-4.  Further, Defendant requests that under Rule 37, the Court award it reasonable

---

[2] Plaintiff had until May 6, 2015 to comply with the Court's order.

expenses incurred, including attorneys' fees and costs associated with Defendant's Motion, and the Motion to Compel.  Def.'s Mot. 4.

In her opposition, Plaintiff argues it has been difficult for her attorneys to obtain Plaintiff's medical records from three different jurisdictions.  Pl.'s Opp'n 3.  Plaintiff's attorneys state that although they have made every effort to comply with the Court's order, they have been unable to do so.  *Id.*  Plaintiff further states that on April 10, 2015, she complied with Defendant's counsel's request that she execute twenty (20) authorization forms, directing her medical providers to provide Defendant with their complete files.  Pl.'s Opp'n 3.  Plaintiff further states that on May 15, 2015, she was finally able to produce medical records for all her health care providers, except the medical records from two new physicians in Kentucky.[3]  *Id.* Plaintiff also states that she provided Defendant with all Tricare "Explanation of Benefits" reports for the out-of-system treatments she received in 2011 and 2012.  *Id.*  Plaintiff asks the Court not to sanction her because her attorneys have not intentionally disregarded the April Order, and also because Defendant has not been prejudiced.  Pl.'s Opp'n 3-4.

In its reply, Defendant argues that Plaintiff acted in bad faith by not facilitating her counsel's efforts to respond to the discovery requests, and by failing to explain why she did not respond to interrogatories for approximately four (4) months.  Def.'s Reply 2.  Defendant further argues that Plaintiff's failure to respond to Defendant's discovery requests until after the close of discovery has "grossly prejudiced" its ability to defend this case.  Def.'s Reply 3.  Defendant also argues that it has incurred significant expenses due to Plaintiff's actions.  *Id.*  Lastly, Defendant argues that on May 19, 2015, after the close of discovery, in her interrogatory answers, Plaintiff identified medical doctors she intends to call as experts, yet prior to this date,

---

[3] Plaintiff's counsel indicates that the medical records from Kentucky have been requested and will be provided to Defendant as soon as they are received.  Pl.'s Opp'n 3.

Plaintiff had not filed any Rule 26(a)(2) disclosures or identified her expert witnesses, or provided any written reports for any identified experts as required under Rule 26(a)(2)(B). Def.'s Reply 1-2.  For these reasons, Defendant asks the Court to dismiss Plaintiff's Amended Complaint, or in the alternative, to strike Plaintiff's fact and expert witnesses, and extend Defendant's deadline to file dispositive motions until September 1, 2015, so that Defendant may conclude discovery, depose Plaintiff and evaluate appropriate dispositive motions.  Def.'s Reply 3.  Defendant also requests leave to supplement its previously filed Rule 26(a)(2) disclosures, in light of Plaintiff's late discovery responses.  *Id.*

## II.   Standard of Review

Under Rules 37(b), and 41(b), courts have the authority to dismiss a case when a party fails to comply with a court order.  *See* Fed. R. Civ. P. 37(b), and 41(b); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  Under Rule 37(b), the court may "dismiss the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Under Rule 41(b), the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b).  The extreme sanction of dismissal, however, is reserved for the most flagrant cases, "where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F. 2d 88, 92 (4th Cir. 1989).

Before ordering dismissal as a sanction under Rule 37(b), the court applies a four-factor test and considers: (1) [w]hether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *See Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. 11-3555, 2013

WL 3863935, at *2 (D. Md. July 23, 2013); *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d at 92.

Before ordering dismissal as a sanction under Rule 41(b), the court must consider four similar

factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused

the defendant; (3) a history of deliberately proceeding in a dilatory fashion; and (4) the

effectiveness of sanctions less drastic than dismissal.  *Ballard*, 882 F.2d at 95.  The Court can

combine the two tests to determine whether dismissal is appropriate under Rules 37(b) and 41(b),

because the legal standards for dismissal under both rules are "virtually the same."  *See*

*Woodard-Charity,* 2013 WL 3863935, at *2-3 (citing *Taylor v. Fresh Fields Markets, Inc*., No.

94-0055-C, 1996 WL 403787, at *2 (W.D. Va June 27, 1996)); *Carter v. Univ. of W. Va. Sys.,*

*Bd. of Trustees*, No. 93-1905, 1994 WL 192031, at *2 (4th Cir. May 16, 1994).  Another factor

that the court must consider is whether it has explicitly and clearly warned the party facing the

sanction about the possibility of dismissal under Rules 37 and 41.  *See Sadler v. Dimensions*

*Health Corp*., 178 F.R.D. 56, 59 (D. Md. 1998) (". . . [D]istrict courts must precede dismissal

with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in

dismissal of the party's case with prejudice.") (citing *Hathcock v. Navistar Int'l Transp. Corp.,* 53

F.3d 36, 40-41 (4th Cir.1995)); *Choice Hotels Int'l, Inc. v. Goodwin & Boone,* 11 F.3d 469, 471

n. 2. (4th Cir.1993).

## III.     Analysis

### A.  Defendant's motion for dismissal of Plaintiff's Amended Complaint is denied.

After applying the four-factor tests of *Woodward-Charity* and *Ballard*, the Court

concludes that it will not dismiss Plaintiff's Amended Complaint.  Under the first factor of both

tests, the Court finds that although Plaintiff's conduct in this case was not exemplary and should

be admonished; there is no evidence of bad faith.  "Bad faith has been found where, for example,

a party has failed to comply with [multiple court orders], failed entirely to comply with the opposing party's discovery requests, or failed 'even [to] attempt to obtain and produce [any] requested documents.'" *See Fisher v. Fisher*, No. WDQ–11–1038, 2012 WL 2873951, at*3 (D. Md. July 12, 2012); *see also Robertson v. DECO Sec., Inc.*, No. 09-3093, 2010 WL 3781951, at *4 (D. Md. Sept. 22, 2010) (finding that plaintiff acted in bad faith by failing to comply with two court orders compelling her response to interrogatories and requests for documents). The Court finds that Plaintiff failed to timely respond to Defendant's discovery requests, and failed to communicate with Defendant about the reasons for her lack of response. Although these failures are serious, they do not rise to the level of bad faith. Although Plaintiff failed to comply with the April Order, there is no evidence here of repeated failures to comply with multiple court orders. Moreover, Plaintiff did not fail entirely to comply with the discovery requests since Plaintiff, albeit belatedly, produced the requested documents.

Under the second factor, the Court finds that although Plaintiff's conduct was aggravating and frustrating to Defendant and in complete disregard of a court order, it does not rise to the level of prejudice. "[P]rejudice has been found where a party's repeated refusals to comply with discovery requests prevented the opposing party from 'defend[ing] against claims, facts, and witnesses.'" *See Fisher,* 2012 WL 2873951, at*4 (citing *U.S. v. One Tract of Real Prop.*, No. 95–1282, 1997 WL 71719, at *3 (4th Cir. Feb. 20, 1997)). In this case, although Plaintiff took approximately five (5) months[4] to respond to Defendant's discovery requests, a conduct that should not go unsanctioned, eventually Plaintiff provided discovery responses, allowing Defendant to defend against claims, facts and witnesses.

---

[4] Defendant served the discovery requests on December 22, 2014, and Plaintiff responded nearly five months later on May 19, 2015.

The third factor *Woodward-Charity* requires the Court to consider -- the need for deterrence -- does not weigh in favor of dismissal. "[T]he need for deterrence is high where, for example, the disobedient party has 'not just dragged [its] feet in discovery or been slow to produce responses,' but has 'willfully and consistently stood in complete defiance of the Federal Rules' and has 'failed to comply in any way with' court orders." *See Fisher,* 2012 WL 2873951, at*4 (citing *Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374, 2009 WL 6082878, at *6 (E.D. Va. Dec. 23, 2009). In this case, although Plaintiff dragged her feet and was slow to respond to Defendant's discovery requests, the Court cannot find that Plaintiff willfully and consistently stood in complete defiance of the Federal Rules. Plaintiff responded to the discovery requests even if untimely. Similarly, the third factor the Court must consider in evaluating whether to dismiss the case under Rule 41(b) and the *Ballard* decision, does not weigh in favor of dismissal. The Court finds no evidence of Plaintiff's drawn out history of deliberately proceeding in a dilatory fashion.

The fourth factor, the effectiveness of lesser sanctions, also weighs against dismissal because the Court finds that sanctions less severe than dismissal would be effective in this case. Rule 37(b)(2)(A)(i)-(vii) recites permissible sanctions. In addition, "[t]he Fourth Circuit has recognized [that] lesser sanctions can include any court orders that clearly contemplate punishment for noncompliance and that pursue subsequent conformity." *PVD Plast Mould Indus, Ltd. v. Polymer Grp., Inc.*, No. 2:98–2929–23, 2001 WL 1867801, at *12 (D.S.C. Feb. 1, 2001) (citing *Anderson v. Found. for Adv., Educ. & Emp't of Amer. Indians*, 155 F.3d 500, 505 (4th Cir.1998)). The Fourth Circuit has in fact "encouraged trial courts" to consider imposing less severe sanctions, such as awards of costs and attorneys' fees, to ensure that the noncompliant party had "fair warning." *Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 449 (D.

8

Md. 2002) (citing *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995)).  The Court acknowledges that it imposed a lesser sanction in this case when, after granting Defendant's Motion to Compel, it ordered that Plaintiff had waived objections, under Rule 33(b)(4) of the Federal Rules of Civil Procedure and Local Rule 104.6, to Defendant's discovery requests.  *See* ECF No. 24.  The Court further acknowledges that this sanction did not cause Plaintiff to respond immediately to Defendant's discovery requests.  Instead, Plaintiff submitted an untimely response[5] and in the meantime, Defendant's Motion was filed.  However, even if Plaintiff's response was untimely or in reaction to Defendant's Motion, the Court cannot conclude that lesser sanctions were not effective.  Moreover, the Court has not imposed costs and attorneys' fees as sanctions in this case.  *Cf. Steigerwald*, 229 F. Supp. 2d at 449 (where the court found that no lesser sanction would be effective because the court had awarded discovery costs earlier in the litigation, "with no apparent impact on the noncompliant party").  Finally, another factor that weighs against dismissal is that the Court did not issue an explicit and clear warning indicating that Plaintiff's conduct could terminate in dismissal of the Amended Complaint.

## B.  Defendant's request to strike Plaintiff's fact and expert witnesses is denied.

Defendant requests that if the Court does not dismiss Plaintiff's case, in the alternative, the Court should strike Plaintiff's fact and expert witnesses due to the late disclosures.  Def.'s Reply in Supp. 3.  Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," that party cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts have broad discretion, under Rule 37(c)(1), to remedy violations of Rule 26(a).  *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-

---

[5] As a result of the April Order, May 6, 2015 was the due date for Plaintiff's response to Defendant's discovery requests.  Plaintiff submitted her response on May 19, 2015.

CV-275-D, 2012 WL 1596722, at *2 (E.D.N.C. May 7, 2012).  "The language of Rule 37(c)(1)

provides two exceptions to the general rule excluding evidence that a party seeks to offer but has

failed to properly disclose: (1) when the failure to disclose is 'substantially justified,' and (2)

when the nondisclosure is 'harmless.'"  *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir.

2014).  To determine whether these exceptions apply, courts could consider the following

factors:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 597 (4th Cir.

2003).  "[The first four factors]—surprise to the opposing party, ability to cure that surprise,

disruption of the trial, and importance of the evidence—relate mainly to the harmlessness

exception, while the remaining factor—explanation for the nondisclosure—relates primarily to

the substantial justification exception."  *Id*.  The Court is not required, however, to take these

factors into account as it decides whether to impose sanctions under Rule 37(c).  *Wilkins*, 751

F.3d at 222.  Instead, the Court "should be guided by" these factors.  *Southern States*, 318 F.3d at

597.  Nonetheless, the burden of establishing these factors lies with the non-disclosing party, in

this case, Plaintiff.  *See Wilkins*, 751 F.3d at 222 (4th Cir. 2014).

Using the factors as guidance, the Court concludes that although Plaintiff did not have a

substantial justification for her failure to submit Rule 26(a)(2) expert disclosures by the March 2,

2015 deadline, this failure was harmless.  First, since Defendant is now in possession of

Plaintiff's expert disclosures, and is aware of how Plaintiff intends to use those experts, the

element of surprise is nonexistent.  Second, even if there was a surprise, Defendant has the

ability to cure this surprise by deposing the experts.  Third, allowing Plaintiff to use her experts will not disrupt the trial, because the trial date has not been set and the threat of disruption is *de minimis* at this stage.  As to the fourth factor, it is clear that Plaintiff's expert disclosures are of paramount importance to establish the extent of Plaintiff's injuries, causes, treatments and the alleged damages.  After applying the first four factors, the Court concludes that Plaintiff's failure to timely disclose the experts is harmless.

The Court finds, however, that Plaintiff did not offer a legitimate explanation for her untimely compliance with the March 2, 2015 expert disclosure deadline.  Plaintiff's counsel explained that they encountered difficulties in obtaining Plaintiff's medical records from three different jurisdictions, and that although they made every effort to comply with the April Order, they were unable to do so.  Pl.'s Opp'n 3.  The Court finds that Plaintiff has not carried her burden as to this factor, and that Plaintiff has not offered a substantial justification for her untimely compliance with the expert disclosure deadline.  Defendant's request to strike Plaintiff's fact and expert witnesses is therefore denied, because the Court concludes that although Plaintiff did not offer a substantial justification for her untimely compliance with expert disclosure deadlines, her actions were harmless.

### C.  Defendant's request to extend the deadline for dispositive motions until September 1, 2015 is granted.

The Court finds that there is good cause to extend Defendant's deadline to file dispositive motions.  In its reply, Defendant requests that if Plaintiff's case is not dismissed, in the alternative, the Court should extend Defendant's deadline to file dispositive motions, so that it may conclude discovery, depose Plaintiff and evaluate appropriate dispositive motions.  Def.'s Reply in Supp.  3.  The Scheduling Order for this case provides that "the schedule will not be changed except for good cause."  Scheduling Order 1, ECF No. 14.  In this case, there is good

cause to extend the deadline because Plaintiff filed untimely responses to Defendant's discovery requests and Plaintiff also filed untimely expert disclosures.   Accordingly, counsel shall confer and submit, within fifteen (15) days, a proposed Amended Scheduling Order addressing the deadlines affected by Defendant's Motion.

### D.  Defendant's request for leave to supplement its previously filed Rule 26(a)(2) disclosures is granted.

Defendant further seeks leave to supplement its previously filed Rule 26(a)(2) disclosures.  Def.'s Reply in Supp. 3.  This request is granted because Plaintiff filed untimely responses to Defendant's discovery requests and untimely expert disclosures.

### E.  Defendant's request for reasonable attorney's fees and costs associated with the preparation of Defendant's Motion is granted.

Under Rule 37(b)(2)(C), if a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(b)(2)(C).  "A party satisfies the 'substantially justified' standard 'if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact.'" *Woodard–Charity*, 2013 WL 3863935, at \*5 (citing *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009)).  "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296-97 (D. Md. 2009) (citations omitted).

The Court finds that Plaintiff has not offered a substantial justification for her lack of compliance with the April Order.  The Court further finds that there are no other circumstances making an award of expenses unjust.  Defendant is permitted to submit a bill of costs and attorney's fees related to Defendant's Motion.  Defendant's submission must be received within fourteen (14) days of this Order, and within fourteen (14) days thereafter, Plaintiff may file a response.  Plaintiff's response shall be limited to: (1) objecting to the amount of fees and/or their reasonableness, and/or (2) providing a factual basis on which the Court may find that the imposition of attorney's fees would be unfair.

### F.  Conclusion

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

September 28, 2015                                                      /s/
                                                              Charles B. Day
                                                              United States Magistrate Judge

CBD/yv